**AI YUN CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General,[1] Respondents.**

No. 03–40321–ag.

United States Court of Appeals, Second Circuit.

Oct. 6, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney, Wendy H. Waszmer, Assistant United States Attorney, New York, NY, for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Ai Yun Chen, a native and citizen of the People's Republic of China, seeks review of a July 16, 2003 order of the BIA denying her motion to reopen her removal proceedings. *In re Ai Yun Chen,* No. A73 660 168 (B.I.A. July 16, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I. MOTION TO REOPEN

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

Here, we conclude that the BIA did not abuse its discretion in denying Chen's untimely motion to reopen. A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R.

§ 1003.2(c)(2). However, this time limit does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Such changes are regularly referred to as "changed country conditions" and distinguished from "changed personal circumstances." *Jian Huan Guan v. B.I.A.*, 345 F.3d 47, 49 (2d Cir.2003).

The BIA properly found that the birth of Chen's children in the United States was a change in personal circumstances that did not warrant an exception to the ninety-day filing deadline. *See id.* Indeed, Chen specifically asserted that her motion was based on changes in her personal circumstances, and she never claimed a change in country conditions. Accordingly, the BIA did not err in denying her motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

## II. SUCCESSIVE ASYLUM APPLICATION

■ Chen also argues that she is authorized by 8 U.S.C. § 1158(a)(2)(D) to reapply for asylum based solely on the birth of her children in the United States, and that 8 C.F.R. § 1003.2(c)(3)(ii) is inconsistent with that statute and therefore invalid. Chen also argues that if 8 C.F.R. § 1003.2(c)(3)(ii) is found to be valid, then it must be interpreted to include changed personal circumstances, not simply changed country conditions. Those arguments are unavailing. Pursuant to 8 U.S.C. § 1158(a)(2)(D), an individual may file an untimely or successive asylum application based on changed circumstances, including changed personal circumstances, if she files such application while still in removal proceedings or within ninety days of the issuance of a final order of removal. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156–57 (2d Cir.2008), *aff'g Matter of C–W–L*, 24 I. & N. Dec. 346 (BIA 2007). However, an individual "under a final removal order must file a successive asylum application in conjunction with a motion to reopen and in accordance with those procedural requirements." *Id.* Therefore, Chen was required to comply with the ninety-day filing deadline for motions to reopen or establish an exception to that deadline as delineated in the Act and regulations. *Id.* at 152–53. The relevant provisions of the Act and regulations, in turn, require a showing of changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Thus, Chen's argument that she was permitted to file a successive asylum application fails because she was under a final order of removal, and her motion to reopen was untimely. *See Yuen Jin*, 538 F.3d at 156–57.[2]

## III. MOTION TO REMAND

■ Chen has filed a motion to remand her case to the BIA, arguing that we should take judicial notice of the documents that we first addressed in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006). She contends that we should do so, even though the documents at issue are not part of the administrative record, because they reflect a change in country conditions that materially affects her eligibility for asylum. This argument is unavailing, because we will not remand a case to the BIA to order it to consider evidence that was not in the record before it. *See*

**2.** Our decision in *Yuen Jin*, 538 F.3d 143, has now rendered the Government's motion to suspend moot.

*Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 272 (2d Cir.2007). Accordingly, Chen's motion to remand is denied.

For the foregoing reasons, the petition for review is DENIED, the Petitioner's motion to remand is DENIED, and the Respondent's motion to suspend is DENIED as moot. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).